MR. JUSTICE SHEEHY,
concurring and dissenting in part:
I concur that the action of the District Court concerning *139 the trust agreement executed by Alana Gayl Perman should not have been dismissed. Rather, the District Court should keep jurisdiction of the cause for the purpose of determining the correct disposition of the assets of the trust estate.
The assumption of the majority opinion that there is a conflict of interest so that plaintiff’s counsel may not represent Calvin and Gayl in the proceeding is unwarranted. There has not been a single line of testimony taken in the case below. Although interrogatories have been submitted from both sides, demands for admissions, and other efforts of attorneys in discovery proceedings, none of them have been answered, no depositions have been taken, nor any affidavit filed either from Calvin and Gayl, nor from the mother, Laila Georgean Johnson nor the brother Robert Jeffrey Prochnick. All that the voluminous District Court file contains are allegations and counterallegations of attorneys. There is no reason for the majority to assume at this stage that an attorney could not properly represent both the husband and wife in these proceedings.
From the pleadings, from statements in briefs of counsel, and from the form of interrogatories and demands for admissions submitted, we may glean the following possibilities (I emphasize that there is no testimony or affidavits filed): Gayl has a basic I.Q. of 61, and a competency level of second grade. She signed a trust agreement without the knowledge of her husband of then eight years, in his absence, an instrument that gives to her mother and brother as trustees absolute discretion as to the expenditure of Gayl’s funds, and makes them sole heirs of her trust estate in the event of her death. Calvin and Gayl may be alcoholics, and Calvin may be guilty of wife abuse. The mother, one of the trustees, may have been in and out of mental institutions. The brother resides in Sheridan, Wyoming, and not in Billings, Montana, where Gayl and Calvin live. The trustees may be using the funds of the trust estate for the purpose of defending the litigation involving the trust agreement, paying costs and attorney fees from Gayl’s estate.
*140 Although this case was filed June 21, 1982, now, 2 Vi years later, the basic action has not gotten beyond the original motion to dismiss. We have no record of any kind to indicate what is occurring with respect to the assets in the trust estate.
In light of that situation, I would go further than the majority in not dismissing the case in the District Court. I would remand the cause with directions to the District Court immediately to appoint a guardian ad litem and for the entry of an order requiring the trustees to file an accounting of the trust estate within 30 days of remand. If after a competency hearing, the District Court decided that the husband should not act as guardian ad litem because of a possible conflict of interest, I would still allow his participation in the action as husband and next friend for the purpose of assuring an adversarial determination of the basic issue, whether the trust instrument is legally proper in the first place.